J-S53004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HECTOR VARGAS-TORRES, JR. | |
| Appellant | No. 2009 MDA 2015 |

Appeal from the Judgment of Sentence August 20, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003636-2014

BEFORE:  BOWES, SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 24, 2016**

Hector Vargas-Torres, Jr. has filed this appeal from the August 20, 2015 judgment of sentence of one to two years imprisonment that was imposed after he entered a negotiated guilty plea to a single count of simple assault.  We quash.

Appellant was charged in this action with one count of aggravated harassment by a prisoner, a felony carrying a maximum sentence of seven years imprisonment.  On August 20, 2015, Appellant entered a negotiated guilty plea to a reduced charge of simple assault (placing someone in fear by physical menace), in exchange for a sentence of one to two years imprisonment.  The sentence was to "run consecutively to any sentence that [Appellant was] presently serving."  N.T. Guilty Plea, 8/20/15, at 5.  At that

---

* Former Justice specially assigned to the Superior Court.

time, Appellant admitted to the following. On August 21, 2014, he was incarcerated at the State Correctional Institution--Camp Hill. Appellant had been placing a covering over his cell door that prevented correctional officers from viewing the inside of his cell. Appellant continued to place the obstruction over his cell door even though he had been repeatedly warned that he was not permitted to do so. On August 21, 2014, Correctional Officer Brent McBeth, as a security precaution, was installing plexiglass inside Appellant's cell when Appellant spit on him, striking Correctional Officer McBeth's chest and forearm.

On August 20, 2015, after accepting the guilty plea, the court imposed the negotiated sentence of one to two years in jail, and Appellant was apprised of his post-sentence rights. *Id*. at 7-8. On September 8, 2015, Appellant filed a motion seeking credit for time served from October 21, 2014, when he was arrested for the present crime, to August 20, 2015. The motion did not seek any form of PCRA relief, and Appellant did not ask to file the motion *nunc pro tunc*.

Following a hearing, the court denied the motion on November 2, 2015, after the period for filing a direct appeal from the August 20, 2015 judgment of sentence expired. The court found that any time Appellant spent in jail prior to August 20, 2015, had been credited to sentences imposed in other matters. Appellant filed this appeal from the judgment of sentence imposed on August 20, 2015.

- 2 -

Counsel has filed a petition to withdraw from representation and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). However, we are without jurisdiction to address counsel's request as this appeal was untimely filed. In *Commonwealth v. Capaldi*, 112 A.3d 1242 (Pa.Super. 2015), one week after his post-sentence motions had to be filed, the defendant filed a motion for credit for time-served. Upon appeal from the motion's denial, we noted that the motion for time served was not timely filed, and quashed.[1] We articulated:

> In cases where no post-sentence motions (or Commonwealth's motions to modify sentence) are filed, a defendant must file an appeal within 30 days of imposition of

---

[1] We are aware of the precept that "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa.Super. 2013) (citing *Commonwealth v. Fowler*, 930 A.2d 586 (Pa.Super. 2007)) (collecting cases); *accord Commonwealth v. Jackson*, 30 A.3d 516 (Pa.Super. 2011). However, the present motion was not filed after Appellant's judgment of sentence became final. The sentence was imposed on August 20, 2015, and became final on September 19, 2015. Appellant's motion was presented on September 8, 2015, prior to the finality of his judgment of sentence. Hence, it must be analyzed under *Capaldi*, which applies reasoning employed in a long line of cases.

Moreover, even if we were to characterize the motion in question as a PCRA petition and this appeal as timely filed from the denial of PCRA relief, we would concur with counsel's finding of frivolity and affirm the trial court's refusal to grant Appellant credit for time served on the basis of its March 1, 2016 opinion.

sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3).

> If a defendant files a **timely** post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Except in circumstances not applicable here, a defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1).

> An **untimely** post-sentence motion does not toll the appeal period. *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa.Super. 2004) (*en banc*) ("[T]he time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion.").

*Id*. at 1244 (emphases in original).

Herein, Appellant's judgment of sentence was imposed on August 20, 2015, and, since the tenth day fell on a weekend, he had until Monday August 31, 2015, to file a timely post-sentence motion. The motion in question was filed on Tuesday, September 8, 2015, and was untimely. Appellant never asked for, nor was he granted, the right to file the motion *nunc pro tunc*. Therefore, even though the motion in question was entertained on the merits by the trial court, it did not operate to extend the appeal period from the August 20, 2015 judgment of sentence. *Commonwealth v. Dreves*, 839 A.2d 1122 (Pa.Super. 2003) (*en banc*).

In response to a rule issued by this Court to show cause why the appeal should not be quashed, Appellant argued that the motion for credit for time served was an attack on the legality of the sentence, which cannot be waived. However, as we explained in *Capaldi*, *supra* at 1245, before we

- 4 -

may address a non-waivable legality-of-sentence issue, "we must first have jurisdiction." The nature of Appellant's issue simply does confer jurisdiction upon us.

In response to the rule, Appellant also suggested that his motion was not subject to the timeliness requirements of Pa.R.Crim.P. 720. He provided no legal support for that position, and we observe that the docket sheet characterizes the motion as a post-sentence motion. Indeed, in **Capaldi**, we treated a motion for credit for time served that was filed one week late as a post-sentence motion. We are therefore constrained to quash the appeal from the August 20, 2015 judgment of sentence under the jurisprudence applied in **Dreves**, **supra**, and **Capaldi**, **supra**.

Appeal quashed. Counsel's motion to withdraw dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016

- 5 -